**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6966

JOHN T. HARDEE,

Plaintiff - Appellant,

v.

CHRISTOPHER WALZ, Superintendent, in individual and official capacity; FELICIA COWAN, Assistant Superintendent, in individual and official capacity; WINSTON BHAGIRATH, Captain, in individual and official capacity; MARY CHEESEBORO, Sergeant, in individual and official capacity; T. JONES, Sergeant, in individual and official capacity; MATTHEW TILLMAN, Officer, in individual and official capacity; EBONY ATKINS, Officer, in individual and official capacity; VIRGINIA DEPARTMENT OF CORRECTIONS; HAROLD CLARKE, in individual capacity; CORRECT CARE SOLUTIONS, a/k/a Wellpath, LLC; KATHRYN TOPHAM, Registered Nurse, in individual and official capacity; JENNIFER HODGE, Nurse Practitioner, in individual and official capacity; CHADWICK DOTSON, Virginia Department of Corrections, Director, in official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:20-cv-00729-MHL-MRC)

Submitted:  June 13, 2025                    Decided:  June 23, 2025

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

John T. Hardee, Appellant Pro Se.  Jeff W. Rosen, PENDER & COWARD, PC, Virginia Beach, Virginia; Ann-Marie White Rene, Acting Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Angela Boice Axselle, WIMBISH GENTILE MCCRAY & ROEBER, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John T. Hardee, a former Virginia pretrial detainee, appeals the district court's order granting the motion to dismiss his claims against two defendants[1] and granting summary judgment to the remaining defendants in his 42 U.S.C. § 1983 action.[2] On appeal, Hardee does not challenge the district court's grant of the motion to dismiss, but he challenges the grant of summary judgment. Because we limit our review to issues raised in the informal brief, *see* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014), we affirm the grant of the motion to dismiss, but we vacate the grant of summary judgment.[3]

Consistent with our precedent at the time that it entered its order, the district court assessed Hardee's claims alleging failure to protect his health and inadequate medical care in violation of the Fourteenth Amendment using the Eighth Amendment test for deliberate indifference claims of convicted prisoners. *See, e.g., Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023); *Moss v. Harwood*, 19 F.4th 614, 624 & n.4 (4th Cir. 2021). That test has both an objective element and a subjective element. *See Younger*, 79 F.4th at 382.

---

[1] The motion to dismiss was filed in the district court by Appellees Harold Clarke and the Virginia Department of Corrections. (PACER No. 118). On appeal, Chadwick Dotson has been substituted for Harold Clarke in his official capacity. (ECF No. 12).

[2] After this appeal was filed, Appellee Correct Care Solutions, a/k/a Wellpath, LLC ("Correct Care") was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas for claims against it involving incidents that occurred before November 11, 2024; and the automatic stay was lifted. We therefore lift our stay and grant Correct Care's motion to dismiss it from this cause of action. (ECF No. 33).

[3] We decline to consider other issues raised in the informal brief, because the district court may revisit the challenged rulings on remand.

After the district court entered its order, we held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), abrogated our prior precedent applying a subjective deliberate indifference standard to pretrial detainee claims and permitted "pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purposes' or is 'excessive in relation to that purposes.'" *Short v. Hartman*, 87 F.4th 593, 610-11 (4th Cir. 2023) (quoting *Kingsley*, 576 U.S. at 398). "Now, it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable,'" i.e., "that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. at 611 (citations omitted).

Because the district court did not have the benefit of our decision in *Short* and thus applied the wrong legal standard when addressing Hardee's claims, we conclude that the district court committed reversible error. *See Simmons v. Whitaker*, 106 F.4th 379, 387-88 (4th Cir. 2024). We therefore vacate the district court's grant of summary judgment and remand for the district court to apply the correct legal standard to Hardee's claims.

Accordingly, we affirm the district court's grant of the motion to dismiss, but we vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*